1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY CURLEE,                            Case No.  1:22-cv-01593-JLT-BAM

12                    Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                               REGARDING DISMISSAL OF ACTION
13            v.                               WITHOUT LEAVE TO AMEND

14    SOCIAL SECURITY                          (Doc. 1)
      ADMINISTRATION (SSA), et al.
15                                             FOURTEEN-DAY DEADLINE
                      Defendants.
16

17           Plaintiff Larry Curlee ("Plaintiff"), a pre-trial civil detainee proceeding pro se and in

18    forma pauperis, initiated this action on December 13, 2022.  (Doc. 1.)  On August 31, 2023, the

19    matter was administratively redesignated and randomly reassigned to the undersigned magistrate

20    judge.  (Doc. 7.)  Plaintiff's complaint is currently before the Court for screening.

21           **I.      Screening Requirement and Standard**

22           The Court screens complaints brought by persons proceeding in pro se and in forma

23    pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

24    dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

25    granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

26    U.S.C. § 1915(e)(2)(B)(ii).

27           A complaint must contain "a short and plain statement of the claim showing that the

28    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.      Summary of Plaintiff's Allegations**

Plaintiff is currently detained at Coalinga State Hospital.  He brings this action based on a determination by the Social Security Administration that he was not entitled to Old-Age and Survivors Insurance Benefits.  Plaintiff claims that the erroneous determination was due to the negligence of agents of the Social Security Administration.  (*See generally* Doc. 1, Complaint.) Plaintiff names the Social Security Administration and Unknown Named Social Security Agents #1, #2, #3, #4, #5, #6, #7, and #8.  (*Id.*, ¶¶ 11-18.)

Plaintiff alleges that he is a 73-year-old United States citizen who worked and paid a portion of his wages into the Federal Old-Age and Survivors Insurance Trust Fund.  He is a pre-trial civil detainee awaiting court proceedings on the issue of whether or not he is subject to civil commitment.  (Compl. ¶¶ 41, 42.)

According to the complaint allegations, on November 3, 2017, the Social Security Administration notified Plaintiff that he was entitled to monthly retirement benefits beginning April 2017.  (*Id.*, ¶ 44.)

On or about March 12, 2018, the Social Security Agency received information from an agent of California's Department of State Hospitals that Plaintiff was confined at Coalinga State Hospital.  The agent reportedly failed to inform the Social Security Administration that Plaintiff

was a pre-trial civil detainee and had not been found by a court to have mental disease, mental defect, or to suffer from mental incompetence.  Upon receipt of Plaintiff's confinement, Defendant Unknown Named SSA Agent #1 concluded Plaintiff was no longer entitled to his Old-Age and Survivors Insurance payments.  Defendant allegedly failed to conduct an adequate investigation of Plaintiff's actual status and neglected to discover that Plaintiff was no confined to a prison or other penal institution and was not confined due to court's finding that Plaintiff had a mental disease mental defect, mental incompetence, or other similar verdict or finding.  (*Id.*, ¶ 45.)

On March 30, 2018, Plaintiff submitted a request for reconsideration of the decision to terminate his benefits.  (Compl. ¶ 47.)  On May 11, 2018, an agent of the Social Security Administration sent an internal memorandum indicating Plaintiff had "filed a recon[sideration] on his prisoner suspension."  (*Id.*, ¶ 48.)  Plaintiff alleges that the reference to "prisoner suspension" indicates that the Social Security Administration was not aware of the fact Plaintiff was not a prisoner. (*Id.*)

On May 14, 2018, Defendant Unknown Names SSA Agent #2 deemed that the suspension of Plaintiff's payments was affirmed under Section 42x of the Act.  Plaintiff alleges that Defendant was referencing 28 U.S.C. § 402(x), which deems the Social Security Administration can suspend payments if a citizen is a prisoner, has been civilly committed due to a mental disorder, or is confined due to court finding that plaintiff has a mental disease, mental defect, mental incompetence, or other similar verdict or finding.  Plaintiff contends that Defendant failed to conduct an adequate investigation of Plaintiff's actual status and neglected to discovery that none of the reasons for suspension of payments noted in § 402(x) applied to Plaintiff.  (Compl. ¶ 49.)

On May 21, 2018, Defendant Unknown Named SSA Agent #3 sent a letter indicating the law regarding prisoner suspension.  Plaintiff alleges Defendant failed to conduct an investigation of the facts pertinent to Plaintiff's detention status.  (Compl. ¶ 50.)

Plaintiff claims that from May 2018 to January 2019, Plaintiff called several lawyers seeking their assistance in this matter, who indicate that they only dealt with Social Security

Disability benefits.  Plaintiff attempted to resolve the matter on his own.  (Compl. ¶ 51.)

On July 18, 2018, Plaintiff requested a hearing regarding the Social Security Administration's suspension of his Old-Age and Survivors Insurance payments.  (Compl. ¶ 52.)

On November 19, 2018, the Social Security Administration informed Plaintiff of the administrative law judge process and noted that the hearing could be held by video teleconferencing rather than in person.  As Plaintiff could not make a personal appearance due to his civil detention, Plaintiff believed that the Social Security Administration would set up a video teleconferencing appearance.  (Compl. ¶ 53.)

On November 26, 2018, Cynthia Garibay, an agent of the Social Security Administration, was "unable to get a hold of [Plaintiff] to give him the scheduled date and time of his hearing. [Ms. Garibay] left info on his voicemail as well as our office number in case of any questions/change of address."  (Compl. ¶ 54.)

On December 7, 2018, Defendant Unknown Named SSA Agent #4 sent Plaintiff a "Notice of Hearing," which indicated that Plaintiff had a hearing scheduled for March 1, 2019, in Stockton, California.  Include with the letter was an "Acknowledgment of Receipt (Notice of Hearing)" form for Plaintiff to fill out and return to the Social Security Administration's Office of Hearing Operations.  Plaintiff alleges that despite Defendant knowing that Plaintiff was being civilly detained and could not a make a personal appearance at the hearing, Defendant failed to make arrangements for Plaintiff to be present for said hearing by arranging for Plaintiff to appear by either telephone or video at the hearing.  (Compl. ¶ 55.)

On February 10, 2019, Plaintiff returned the "Acknowledgment of Receipt (Notice of Hearing)" form.  On the form, Plaintiff wrote the following:

> [I] cannot be present at the time and place shown on the Notice of Hearing.  I request that you reschedule my hearing because:  I have not been able to obtain legal counsel.  All social security lawyers only want to do disability cases. Therefore I will have to act as my own attorney.  Please grant me a 90 day extension. I need to do all relevant legal research.  I need copies of all documents listed on the enclosed form.  There are very complicated legal/constitutional considerations in my case that I need to research thoroughly.

(Compl. ¶56.)

On February 25, 2019, Defendant Unknown Named SSA Agent #5 contacted Plaintiff by

telephone.  Defendant took no steps to ensure that Plaintiff was present by either telephone or video at the hearing.  Defendant denied Plaintiff the opportunity to conduct relevant legal research, get copies of all documents listed on the form, or obtain legal representation.  Instead, Defendant informed Plaintiff that the office was denying Plaintiff's postponement request without explaining how Plaintiff could be personally present at the hearing considering he was being civilly detained or how Plaintiff could have a fair hearing, in a meaningful manner, if he was being denied the opportunity to adequately prepare to defend himself.  (Compl. ¶57.)

In February 2019, Plaintiff telephoned Defendant Unknown Named SSA Agent #6. Plaintiff explained why he could not be present at the March 1, 2019 hearing or be adequately prepared to defend himself.  Defendant took no steps to ensure that Plaintiff could be present by telephone or by video at the hearing.  Defendant also denied Plaintiff the opportunity to conduct relevant legal research, get copies of all documents, or attempt to obtain legal representation. Instead, Defendant informed Plaintiff that the office was denying Plaintiff's postponement request without explaining how Plaintiff could be personally present at the hearing considering he was being civilly detained or how Plaintiff could have a fair hearing, in a meaningful manner, if he was being denied the opportunity to adequately prepare to defend himself.  (Compl. ¶ 58.)

On March 1, 2019, the hearing went forward without Plaintiff being present.  (Compl. ¶ 59.)

In a letter dated March 4, 2019, which Plaintiff allegedly did not receive, the Social Security Administration's Office of Hearing Operations "deemed that since Plaintiff did not appear at the … hearing, he needed to show cause if [he] still wanted to have a [hearing[ with an administrative law judge."  (Compl. ¶ 59.)  Plaintiff alleges that had he received the letter, he would have diligently done his best to advocate for himself.  However, as Plaintiff did not receive the correspondence, he was unable to respond to it.  (*Id.*)

In a letter dated May 22, 2019, Defendant Unknown Named SSA Agent #7 stated he was dismissing Plaintiff's request for a hearing.  Attached to the letter was the Social Security Administration's Order of Dismissal.  (Compl. ¶ 61.)  Defendant dismissed the action despite knowing that there was no possible means of Plaintiff appearing at the hearing as he was being

1    civilly detained.  (*Id.*)

2          The decision was referred to the Social Security Administration's "Appeals Council."  On

3    December 4, 2019, Defendant Unknown Named SSA Agent #6 affirmed the dismissal.  However,

4    Defendant failed to discover that Plaintiff could not possibly have been present at the hearing as

5    he was civilly detained and the Social Security Administration had failed to ensure Plaintiff was

6    afforded the opportunity to be present by either telephone or by video.  Defendant also neglected

7    to discover that the grounds for withholding the Old-Age and Survivors Insurance Benefits did

8    not apply to Plaintiff.  (Compl. ¶62.)

9          Plaintiff forwards claims against defendants under the Federal Tort Claims Act and *Bivens*

10   for violations of his Fifth Amendment due process right not to be deprived of his Old-Age and

11   Survivors Insurance Benefits without being afforded a fair and meaningful hearing and for being

12   deprived of his Old-Age and Survivors Insurance Benefits without just reason.  (Compl. ¶ 67.)

13   As relief, he seeks compensatory damages.  (*Id.*, at 36.)

14         **III.    Discussion**

15               A.  *Bivens* Action

16         Plaintiff filed this action, in part, pursuant to *Bivens v. Six Unknown Named Agents of*

17   *Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of

18   civil rights by federal actors.  Plaintiff claims that the individually named defendants, agents of

19   the Social Security Administration, violated his Fifth Amendment due process rights.

20   However, Plaintiff cannot pursue a *Bivens* action for the denial of social security benefits

21   allegedly resulting from violations of due process.  *See Butler v. Apfel*, 144 F.3d 622, 624 (9th

22   Cir. 1998) (determining plaintiff could not pursue a *Bivens* action for denial of social security

23   benefits); *see also Schweiker v. Chilicky*, 487 U.S. 412, 423-24 (1987) (concluding *Bivens*

24   remedy for damages unavailable in action challenging the improper denial of Social Security

25   disability benefits, allegedly resulting from violations of due process by government officials

26   who administered the federal Social Security program); *Ahlin v. Soc. Sec. Off.*, No. CIVF07-

27   287AWI SMS, 2007 WL 1302427, at *3 (E.D. Cal. May 3, 2007) ("*Bivens* actions, i.e. suits

28   against federal actors in their individual capacities for violations of constitutional rights . . .

cannot be pursued based on the denial of social security benefits.").

### B. Federal Tort Claims Act ("FTCA")

Plaintiff also appears to be asserting a negligence claim based on the alleged wrongful termination of his monthly retirement benefits.  To the extent that Plaintiff's tort claim is premised on the denial of his social security benefits, his FTCA claim is barred under 42 U.S.C. § 405(h), which provides, in relevant part: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  *See Villarino v. Soc. Sec. Administration: Manager, 1521 N. Carpenter Rd., Suite 1, Modesto, CA 95354*, No. 1:18-cv-01112-DAD-EPG, 2018 WL 5095125, at *3 (E.D. Cal. Oct. 17, 2018) (concluding tort claim is premised on the denial of supplemental security income benefits barred under 42 U.S.C. § 405(h)).  In *Hooker v. Department of Health and Human Services*, 858 F.2d 525, 530 (9th Cir. 1988), the Ninth Circuit held that "section 405(h) bars [a] state law claim under the FTCA," where such a claim arises out of the termination of benefits.  "Indeed, in *Hooker*, the Ninth Circuit rationalized that Congress intended to limit such claims under the FTCA because it had created an administrative remedial scheme by which an aggrieved person may contest the termination of benefits."  *Villarino*, 2018 WL 5095125, at *3.

### C. Judicial Review

To the extent Plaintiff seeks judicial review of the Social Security Administration's decision to terminate his retirement benefits, this is duplicative of Plaintiff's proceedings in the matter of *Curlee v. Comm'r of Soc. Sec.*, 1:20-cv-00145-SAB.[1]  In that action, Plaintiff sought judicial review of the decision of the Social Security Administration terminating his Old-Age benefits on March 12, 2018, due to his confinement at Coalinga State Hospital.  Plaintiff also noted his inability to attend a hearing.  (*Curlee v. Comm'r of Soc. Sec.*, 1:20-cv-00145-SAB,

---

[1] The Court may properly take judicial notice of court filings. *See Revn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).  Accordingly, the Court takes judicial notice of Plaintiff's prior social security action.

Doc. 1.)  The court denied Plaintiff's Social Security appeal on April 1, 2022, and judgment was entered in favor of the Commissioner of Social Security.  (*Id.*, Docs. 40, 41.)  Following denial of Plaintiff's subsequent motions for reconsideration, Plaintiff appealed the court's decision to the Ninth Circuit, where it remains pending.  (*Id.*, Docs. 43, 45, 46, 47.)

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See*, *e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

The Court will therefore recommend dismissal of this action as duplicative insofar as Plaintiff is again attempting to seek judicial review of the termination of his monthly Social Security retirement benefits.

### D.  Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato*, 70 F.3d at 1106.  Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

## IV.    Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

  Dated:   **April 22, 2024**                              /s/ *Barbara A. McAuliffe*                       
                                                      UNITED STATES MAGISTRATE JUDGE

9