UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CURLEE,<br><br>          Plaintiff,<br><br>     v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION (SSA), et al.,<br><br>          Defendants. | No.  1:22-cv-1593 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 8) |

Larry Curlee is a pre-trial detainee proceeding *pro se* and *in forma pauperis* in this action, related to the termination of his Old-Age and Survivors Insurance Benefits by the Social Security Administration.  Plaintiff asserts claims against the Social Security Administration—and several agents of the agency—pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, seeking monetary damages for the termination of benefits and actions taken by the agency—in the course of their employment and reviewing Plaintiff's benefits— prior to termination.  (*See* Doc. 1.)

The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiff could not pursue a *Bivens* action against the individual agents of the Social Security Administration for the alleged violations of his Fifth Amendment due process rights against the individual agents of the Social Security Administration. (Doc. 8 at 6-7.)  In addition, to the extent Plaintiff sought to state a claim for negligence under the Federal Tort Claims Act

1  related to the termination of his benefits, the magistrate judge found the tort claim was barred by
2  42 U.S.C. § 405(h). (*Id.* at 7.) Finally, to the extent Plaintiff sought judicial review of the
3  termination of his benefits, the magistrate judge found this action was duplicative of Plaintiff's
4  prior action: *Curlee v. Comm'r of Soc. Sec.*, 1:20-cv-00145-SAB. (*Id.* at 7-8.) Therefore, the
5  magistrate judge recommended the complaint be dismissed without leave to amend. (*Id.* at 8.)

6  Plaintiff filed objections to the Findings and Recommendations, asserting the magistrate
7  judge lacked jurisdiction to issue Findings and Recommendations because he "never granted"
8  consent to the magistrate judge to preside over the action. (Doc. 9 at 1.) He asserts that "whether,
9  or not, the magistrate judge was correct in her analysis is irrelevant … when the decisionmaker
10 lacked jurisdiction to make a decision." (*Id.* at 2.) However, Plaintiff also contends the
11 magistrate judge erred in the analysis. (*Id.* at 2-6.) According to Plaintiff, the magistrate judge
12 erred in applying requirements under the Prison Litigation Reform Act because he "is not a
13 'prisoner' and is thus not subject to the PLRA." (*Id.* at 2.) In addition, Plaintiff argues the
14 magistrate judge erred in finding this action is duplicative, asserting instead that he filed a
15 collateral action that invokes constitutional claims. (*Id.* at 2-6.)

16 As an initial matter, Plaintiff's consent was not required for the magistrate judge to act. A
17 magistrate judge is vested with the authority "to hear and determine any pretrial matter pending
18 before the court" except motions "for injunctive relief, for judgment on the pleadings, for
19 summary judgment, to dismiss or quash an indictment or information made by the defendant, to
20 suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to
21 dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss
22 an action." 28 U.S.C. 636(b)(1). With the excepted dispositive matters, a magistrate judge may
23 issue Findings and Recommendations to the district judge—such as a recommendation for
24 dismissal—without the consent of the parties. *Id.* Thus, the magistrate judge did not act
25 improperly in screening the allegations of the complaint issuing Findings and Recommendations.
26 *See id.*; *see also Gallegos v. Cal. Dep't of Corr. & Rehabilitation*, 2023 WL 3168360, at *1 (E.D.
27 Cal. Apr. 28, 2023) ("plaintiff's purported 'declination' to magistrate judge jurisdiction has no
28 impact on the assigned magistrate judge's authority to issue findings and recommendations with

respect to dispositive matters.')

In addition, the magistrate judge did not invoke the PLRA in screening the complaint, despite Plaintiff's contentions to the contrary. As the magistrate judge indicated, the screening was not because of Plaintiff's status as a detainee, but rather because he sought to proceed *in forma pauperis*. (*See* Doc. 8 at 1-2.) The provisions of 28 U.S.C. 28 U.S.C. § 1915(e)(2) apply to all seeking to proceed *in forma pauperis*, not only prisoners. *See* Stephenson v. County of Placer, 2021 WL 22427, at *1 (E.D. Cal. Jan. 4, 2021) ("Although plaintiff is a civil detainee rather than a prisoner, he is proceeding in forma pauperis and his complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B)"); *Koch v. Price*, 2019 WL 201525, at *1 (E.D. Cal. Jan. 15, 2019) (stating the complaint of civil detainee is subject to screening under 28 U.S.C. § 1915(e)(2)(B)). Thus, Plaintiff is not exempt from screening due to his status as a detainee.

Finally, Plaintiff fails to show the magistrate judge erred in finding his claims were not cognizable. The Supreme Court indicated monetary damages are "unavailable as a matter of law" under *Bivens* where the plaintiff asserted due process violations by government agents resulted in the termination of Social Security benefits. *Schweiker v. Chilicky*, 487 U.S. 412, 423-24, 429 (1988); *see also Ahlin v. Social Security Office*, 2007 WL 1302427, at *3 (E.D. Cal. May 3, 2007) (citing *Schwiker* and explaining, "*Bivens* actions, i.e. suits against federal actors in their individual capacities for violations of constitutional rights . . . cannot be pursued based on the denial of social security benefits"). Similarly, Plaintiff is unable to proceed on a claim under the FTCA. *See* 42 U.S.C. § 405(h); *Villarino v. Soc. Sec. Administration: Manager, 1521 N. Carpenter Rd., Suite 1, Modesto, CA 95354,* 2018 WL 5095125, at *3 (E.D. Cal. Oct. 17, 2018) (concluding a plaintiff's tort claim premised on the termination of benefits was barred under 42 U.S.C. § 405(h)). Given Plaintiff's inability to proceed under *Bivens* and the FTCA, the Court find the magistrate judge did not err in recommending leave to amend be denied.[1]

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

---

[1] Because Plaintiff is unable to proceed on the stated claims, the Court declines to address the remaining objection related to whether the action was duplicative.

are supported by the record and proper analysis.  Plaintiff's objections do not provide a basis to reject the Findings and Recommendations.  Thus, the Court **ORDERS**:

1. The findings and recommendations issued on April 22, 2024 (Doc. 8) are **ADOPTED** in full.
2. This complaint is **DISMISSED** without prejudice and without leave to amend.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 21, 2024**

UNITED STATES DISTRICT JUDGE